Liu v. Holder

BIA
Chew, IJ
A088 378 218

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand fourteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

QUANWEN LIU, AKA ZHAO WU ZHOU,
> *Petitioner,*

v.                                          12-4620
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, Esq., New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Quanwen Liu, a native and citizen of the People's Republic of China, seeks review of an October 24, 2012, order of the BIA affirming the October 18, 2010, decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Quanwen Liu*, No. A088 378 218 (B.I.A. Oct. 24, 2012), *aff'g* No. A088 378 218 (Immig. Ct. N.Y. City Oct. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum

2

relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007). In the absence of *per se* persecution based on his wife's abortion, Liu must show "other resistance to a coercive population control program" and that he was persecuted as a result of that resistance. *See id*.

Even assuming that hiding his wife from authorities constituted "other resistance," Liu's claim that the confiscation of his boat constituted persecution fails, as he has not shown that he suffered "the deliberate imposition of a substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (internal quotations and citation omitted). Further, his alleged emotional distress as a result of his wife's forced abortion does not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342, 341 (2d Cir. 2006) (differentiating between emotional pain from "physical abuse and violence," and holding that even "substantial emotional distress" generally does not amount to persecution)*; see also Tao Jiang v. Gonzales*, 500 F.3d 137, 141-43 (2d Cir. 2007).

3

Liu also argues that he has demonstrated a well-founded fear of future persecution. "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The basis for Liu's future persecution claim is that he began to practice Falun Gong in the United States, and he feared he would be persecuted and jailed if he returned to China because he attended a Falun Gong demonstration in Washington, D.C., in 2010. However, Liu's conclusory claim, that the Chinese government is likely to become aware of his participation in a demonstration because it monitors such events, is speculative and insufficient to show an objectively reasonable fear of future harm. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir. 2006); *see also Jian Xing Huang v. United States INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "absent solid support in the record" a fear of persecution is "speculative at best").

Because Liu has not established either past persecution or a well-founded fear of future persecution, the agency did not err in denying his application for asylum. *See* 8 C.F.R. § 1208.13(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Moreover, because Liu was unable to show the objective fear of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Lecaj v. Holder,* 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5